**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| In re: | * | |
| SENS MECHANICAL, INC., | * | Case No. 17-20880 |
| | | Chapter 7 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT**

Monique D. Almy, Chapter 7 trustee ("Trustee"), on behalf of the Chapter 7 estate of Sens Mechanical, Inc. ("SMI," "Debtor" or "Estate"), by undersigned counsel, respectfully moves the Court, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, to approve a compromise and settlement between the Trustee and Sens, Inc. ("Plaintiffs"), on the one hand, and Whiteford Taylor & Preston, LLP and Thomas C. Beach, III (collectively, "WTP"), on the other hand ("Motion"), and in support thereof, states:

**A.    Jurisdiction, Venue and Procedural Background**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a).

4. On August 11, 2017 ("Petition Date"), the Debtor voluntarily filed for relief under Chapter 11 of the Bankruptcy Code.

5. On November 21, 2017, this case was converted to one under Chapter 7 of the Bankruptcy Code. Monique D. Almy was subsequently appointed as Chapter 7 trustee for the Estate by the United States Trustee for Region Four. The case was closed on August 14, 2019.

1

6. On June 2, 2020, upon motion by the Debtor, the Court ordered that this proceeding be reopened; Ms. Almy subsequently was reappointed as Chapter 7 trustee for the Estate. (*See* Doc. 123).

### B. Factual Background

6. Filed contemporaneously herewith is the declaration of the Trustee in support of the factual assertions in this Motion ("Almy Declaration").

7. Sens, Inc. and SMI (collectively, "Sens") entered into construction contracts to construct a Marriott Residence Inn Hotel located at 300 Sea Bay Lane, Ocean City, Maryland (the "Project"). (*See* Almy Decl. ¶ 5).

8. WTP provided legal representation and advice to Sens relating to the Project. (*See id.* ¶ 6).

9. The Plaintiffs and WTP may also be referred to herein, collectively, as the "Parties" and, individually, as a "Party." The Parties have been engaged in a dispute or controversy in connection with WTP's representation of Sens and advice provided to Sens relating to the Project (the "Dispute"). (*See id.* ¶ 7).

10. On February 28, 2020, Sens filed a civil action against WTP in the Circuit Court for Howard County, styled as *Sens, Inc., et al. v. Whiteford, Taylor & Preston, LLP, et al.*, Case No. C-13-CV-20-000231 (the "Action"). WTP filed a Notice of Removal to the U.S. Bankruptcy Court for the District of Maryland on May 8, 2020. On July 28, 2020, the Trustee, on behalf of the Estate, joined the Action as one of the plaintiffs. (*See id.* ¶ 8).

11. As a result of arm's length negotiations, the Plaintiffs, on the one hand, and WTP, on the other hand, have agreed to resolve the Dispute ("Settled Claims") pursuant to the terms of

2

a settlement agreement, which allows the Trustee to recover value for the Estate and its creditors without the uncertainty of the Action's outcome. (*See id.* ¶ 9).

12. The Trustee has concluded that the proposed settlement is in the best interests of the Estate, considering, among other things, the cost, delay and uncertainty associated with continuing the Action. (*See id.* ¶ 10).

### C. Settlement Agreement

13. With this Motion, the Trustee seeks approval of the proposed settlement agreement by and between the Plaintiffs and WTP (collectively, the "Settling Parties"), a copy of which is attached as Exhibit 1 to the Almy Declaration (the "Settlement Agreement"). The main elements of the proposed compromise and settlement include:[1]

> Settlement of Claims: The Plaintiffs, including all creditors of the Estate, have potential claims against WTP in connection with WTP's representation of Sens and advice provided to Sens relating to the Project. The Settling Parties agree to settle any and all claims, demands, obligations, actions, and causes of action at law or in equity that the Plaintiffs could have asserted against WTP arising out of the Settled Claims in consideration of the payment of the total sum of **$2,000,000.00** ("Settlement Payment"), which shall be allocated as follows: One Million Dollars ($1,000,000) to Sens, Inc.[2] and One Million Dollars ($1,000,000) to Monique Almy, as the Chapter 7 Trustee for SMI. The Settlement Payment shall be paid to and held in the escrow account of Plaintiffs' counsel, Henderson Law, LLC, until further order of the Court; upon the Court's approval and deduction of Plaintiffs' counsel's fees and the litigation expenses incurred by Roy and Melanie Sens, then the net amount shall be paid to the Trustee and held in escrow until distributed in accordance with a proposed distribution, including the Trustee's counsel fees and commission, which shall be noticed to creditors and filed with the Court for approval. It is anticipated that the remaining balance of the Settlement Payment will go to pay a portion of

---

[1] To the extent there is any inconsistency between the description in this Motion of the main elements of the Settlement Agreement and the actual terms and provisions of the Settlement Agreement, the terms and provisions of the Settlement Agreement shall control. There are other terms and provisions in the Settlement Agreement in addition to those described in paragraph 13 of this Motion. Capitalized terms used, but not defined in this Motion, shall have the meanings ascribed to them in the Settlement Agreement.

[2] Sens, Inc. is not in bankruptcy.

3

the Sureties' Secured Claim (as detailed below) without distribution to general unsecured creditors.

<u>Mutual Releases</u>: On the effective date of the Settlement Agreement, and subject to the conditions thereto and to the concurrent delivery of the Settlement Payment to the Trustee, (i) the Plaintiffs (on behalf of themselves, their predecessors and successors, agents (including attorneys), insureds, servants, employees, heirs, executors, administrators, trustees, and assigns), and (ii) WTP (on behalf of itself, its predecessors and successors, agents (including attorneys), insureds, servants, employees, heirs, executors, administrators, trustees, and assigns), hereby release, waive and forever discharge and exonerate each other, all of their agents, affiliates, subsidiaries, servants, employees, shareholders, employers, stockholders, officers, directors, members, partners, associates, insurers, past and present and all of their predecessors and successors, and all of their executors, administrators and/or assigns (collectively, "<u>Released Parties</u>" and individually a "<u>Released Party</u>") of and from all and every manner of acts and actions, cause and causes of actions, suits, arbitrations, mediations, conciliations, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever in law or in equity, which against any of the Released Parties any of the other Released Parties ever had, now has, or their predecessors and successors, heirs, executors, administrators, assigns, related entities, persons and/or entities hereafter can, shall or may have, from the beginning of the world to the effective date of the Settlement Agreement, whether known or unknown, suspected or unsuspected, fixed or contingent, including but not limited to those that were or could have been asserted in connection with the Dispute, Project and/or Action. In addition, as part of the foregoing, within ten (10) days of the transmittal of the Settlement Payment to the Trustee, WTP shall file a Satisfaction of Judgment in the matter of *Whiteford, Taylor & Preston, LLP v. Sens, Inc.*, Case No.: C-23-CV-17-000399, pending in the Circuit Court for Worcester County.

<u>Approval by Bankruptcy Court</u>: The proposed compromise and settlement is contingent on approval by the Bankruptcy Court.

<u>Bankruptcy Jurisdiction</u>: This Court shall retain exclusive jurisdiction to interpret and enforce the terms of the Settlement Agreement and resolve any related disputes.

(*See* Almy Decl. ¶ 11).

14. In connection with the Trustee joining the Action, she reached an agreement to allocate the proceeds of any recovery, which was memorialized in that certain *Agreement* dated July 23, 2020 ("Allocation Agreement"). (*See id.* ¶ 12).

15. On August 3, 2020, the Trustee filed a motion seeking approval of the Allocation Agreement (Doc. 127), to which a contingent objection was filed by United States Surety Company and U.S. Specialty Insurance Company (collectively, "Sureties") (Doc. 129). The Sureties filed a proof of claim (*see* Claim No. 17) asserting a secured claim in connection with providing a Performance Bond and a Labor and Material Payment Bond for the Project ("Sureties' Secured Claim"). The Sureties' contingent objection requested that approval of the Allocation Agreement not affect, waive or alter their rights in the Sureties' Secured Claim. (*See id.* ¶ 13).

16. After a hearing, this Court entered that certain *Consent Order Approving Allocation Agreement with Sens Parties* ("Consent Order") (Doc. 134), which, among other things, approved the Allocation Agreement. An executed copy of the Allocation Agreement can be found as Exhibit A to the Almy Declaration filed at Doc. 127-1. (*See id.* ¶ 14). The Trustee has informed the Sureties of the terms of the proposed Settlement Agreement, as well as expected fees and expenses.

17. The compromise and settlement of the Settled Claims will avoid further cost or uncertainty of continuing litigation. (*See id.* ¶ 15).

18. The Trustee believes that such compromise and settlement is in the best interests of the Estate and its creditors. (*See id.* ¶ 16).

19. Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, a court may approve a compromise or settlement after notice and a hearing.

### D. Legal Argument

20. In *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), the Supreme Court discussed the standards to be applied by a bankruptcy court in considering whether to approve a proposed settlement within the context of a bankruptcy proceeding, instructing that the bankruptcy court should

> apprise [itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

21. In *U.S. ex rel. Rahman v. Oncology Associates, P.C.*, 269 B.R. 139 (D. Md. 2001), the District Court refined this analysis by listing factors for the court to consider in approving a compromise and settlement. These factors include:

   (a) probability of success in litigation;

   (b) difficulties, if any, to be encountered in the matter of collection;

   (c) complexity of the litigation involved (including the expense, inconvenience and delay necessarily attending the litigation); and

   (d) paramount interest of the creditors and a proper deference to their reasonable views.

*Id.* at 149.

22. The *Rahman* Court further explained that a court may approve settlement even over objection <u>unless</u> the proposed settlement falls below the "lowest point in the range of reasonableness." *Id.* at 150; *see also In re Bowman*, 181 B.R. 836, 846 (Bankr. D. Md. 1995).

6

23. Ultimately, when considering the above factors and principles, "the essential inquiry which this Court must make … is to determine whether the compromise reached by the parties is 'fair and equitable' and in the best interests of the estate." *Rahman*, 269 B.R. at 150; *see also In re Smith*, 210 B.R. 689, 692 (Bankr. D. Md. 1997) ("[I]t is also the obligation of the bankruptcy court to review independently a proposed compromise to determine whether it is fair and equitable and in the best interests of the bankruptcy estate."). Thus, "[o]bjection [to a proposed settlement] is not fatal to such a settlement if '[it] is found to be in the best interests of the estate as a whole.'" *St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1010 (4th Cir. 1985) (quoting *In re Flight Transp. Corp. Sec. Litig.*, 730 F.2d 1128, 1138 (8th Cir. 1984)). Finally, "[i]t is well established that a bankruptcy court's approval of a settlement … is within its sound discretion." *Id.*

24. Here, the proposed compromise and settlement is reasonable and in the best interests of the Estate. The Settlement Agreement is the product of arm's length negotiations. The settlement also provides a mechanism for avoiding continuing litigation with WTP with respect to the Settled Claims, as well as result in the recovery of value for the Estate and its creditors.

### E.   Conclusion

25. The proposed compromise and settlement is in the best interests of the Estate because it recovers a significant amount while avoiding the cost, delay and uncertainty associated with continuing the Action. (*See* Almy Decl. ¶ 15).

26. Having compared the benefits to creditors of entering into the Settlement Agreement to the risks of continuing with the Action, the Trustee believes that it is in the best interests of the Estate to enter into the Settlement Agreement. (*See id.* ¶ 16).

27. Notice of the Trustee's intent to compromise the Settled Claims described herein as well as in the Settlement Agreement has been sent to all creditors.

28. Based upon the foregoing, the Trustee hereby requests that the Court enter an Order authorizing and approving the proposed compromise and settlement upon the terms and conditions as set forth in the Settlement Agreement.

29. Pursuant to Local Rule 9013-2, the Trustee states that no separate memorandum will be filed and that she will rely solely upon this Motion.

30. Pursuant to Local Rule 9013-6, the Trustee states, in connection with Local Bankruptcy Rule 7012-1(b), that she consents to the entry of final orders or judgments by the Bankruptcy Judge.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order (in the form of the proposed order filed herewith): (a) approving this Motion; (b) approving the Settlement Agreement; (c) authorizing the Trustee to enter in to and take all steps necessary to consummate the Settlement Agreement; and (d) granting such other and further relief as is just and proper.

Dated: July 3, 2025

Respectfully submitted,

/s/ Randall L. Hagen
Monique D. Almy (Bar No. 04479)
Randall L. Hagen (Bar No. 08099)
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004-2595
(202) 624-2712 (telephone)
(202) 628-5116 (facsimile)
*Counsel for Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 3, 2025, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing *Trustee's Motion for Approval of Compromise and Settlement*, together with Declaration and proposed Order, will be served electronically by the Court's CM/ECF system on the following:

> Monique D. Almy
> Michael E. Crowson
> Augustus T. Curtis
> Alan M. Grochal
> Michael J. Klima
> Eric G. Korphage
> Marissa K. Lilja
> Patrick Michael Pike
> Daniel M. Press
> David Sommer
> U.S. Trustee – Baltimore
> Gerard R. Vetter

I HEREBY FURTHER CERTIFY that on July 3, 2025, a copy of the foregoing *Trustee's Motion for Approval of Compromise and Settlement*, together with Declaration and proposed Order, was served via U.S. First Class mail, postage prepaid, on:

> Sens Mechanical, Inc.
> 10135 Pin Oak Drive
> Berlin, MD  21811
>
> Ford Motor Credit Company, LLC, c/o AIS Portfolio Services, LLC
> 4515 N Santa Fe Ave. Dept. APS
> Oklahoma City, OK 73118
>
> Christopher G. Hoge, Esquire
> Crowley, Hoge & Fein, P.C.
> 1211 Connecticut Avenue, NW, Suite 300
> Washington, DC 20036
> Co-Counsel to Plaintiffs
>
> Wes P. Henderson, Esquire
> Henderson Law, LLC
> 2127 Espey Court, Suite 204
> Crofton, MD 21114
> Co-Counsel to Plaintiffs
>
> Office of the U.S. Trustee
> 101 W. Lombard Street, Suite 2625
> Baltimore, MD 21201

>> */s/ Randall L. Hagen*
>> Randall L. Hagen

9