UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| SENS MECHANICAL, INC., | * | Case No. 17-20880<br>Chapter 7 |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DECLARATION OF MONIQUE D. ALMY, CHAPTER 7 TRUSTEE, IN SUPPORT OF MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT**

I, MONIQUE D. ALMY, declare:

1. I am the Chapter 7 Trustee ("Trustee") on behalf of the bankruptcy estate of Sens Mechanical, Inc. ("SMI," "Debtor" or "Estate"). I submit this Declaration in support of a motion ("Motion") for approval of a compromise and settlement between the Estate and Sens, Inc. ("Plaintiffs"), on the one hand, and Whiteford Taylor & Preston, LLP and Thomas C. Beach, III (collectively, "WTP"), on the other hand. The Plaintiffs and WTP may be referred to herein, collectively, as the "Parties" and, individually, as a "Party."

2. All statements in this Declaration are based on my personal knowledge resulting from my review of relevant documents and my investigation as Trustee for the above-captioned case. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

3. On August 11, 2017 ("Petition Date"), the Debtor voluntarily filed for relief under Chapter 11 of the Bankruptcy Code.

4. On November 21, 2017, this case was converted to one under Chapter 7 of the Bankruptcy Code, and I was subsequently appointed as Chapter 7 trustee for the Estate by the United States Trustee for Region Four.

DCACTIVE-80092801.1

5.  Sens, Inc. and SMI (collectively, "Sens") entered into construction contracts to construct a Marriott Residence Inn Hotel located at 300 Sea Bay Lane, Ocean City, Maryland (the "Project").

6.  WTP provided legal representation and advice to Sens relating to the Project.

7.  The Parties have been engaged in a dispute or controversy in connection with WTP's representation of Sens and advice provided to Sens relating to the Project (the "Dispute").

8.  On February 28, 2020, Sens filed a civil action against WTP in the Circuit Court for Howard County, styled as *Sens, Inc., et al. v. Whiteford, Taylor & Preston, LLP, et al.*, Case No. C-13-CV-20-000231 (the "Action"). WTP filed a Notice of Removal to the U.S. Bankruptcy Court for the District of Maryland on May 8, 2020. On July 28, 2020, I, on behalf of the Estate, joined the Action as one of the plaintiffs.

9.  As a result of arm's length negotiations, the Plaintiffs, on the one hand, and WTP, on the other hand (collectively, "Settling Parties"), have agreed to resolve the Dispute ("Settled Claims") pursuant to the terms of a settlement agreement ("Settlement Agreement"), a copy of which is attached as Exhibit 1 to this Declaration, which will allow the recovery of value for the Estate and its creditors without the uncertainty of the Action's outcome.

10. I, in my role as the Trustee, have concluded that the proposed settlement is in the best interests of the Estate, considering, among other things, the cost, delay and uncertainty associated with continuing the Action.

11. The main elements of the proposed compromise and settlement include:[1]

---

[1] To the extent there is any inconsistency between the description in this Declaration of the main elements of the Settlement Agreement and the actual terms and provisions of the Settlement Agreement, the terms and provisions of the Settlement Agreement shall control. There are other terms and provisions in the Settlement Agreement in addition to those described in paragraph 11 of this Declaration. Capitalized terms

(continued…)

- 2 -

Settlement of Claims: The Plaintiffs, including all creditors of the Estate, have potential claims against WTP in connection with WTP's representation of Sens and advice provided to Sens relating to the Project. The Settling Parties agree to settle any and all claims, demands, obligations, actions, and causes of action at law or in equity that the Plaintiffs could have asserted against WTP arising out of the Settled Claims in consideration of the payment of the total sum of **$2,000,000.00** ("Settlement Payment"), which shall be allocated as follows: One Million Dollars ($1,000,000) to Sens, Inc.[2] and One Million Dollars ($1,000,000) to Monique Almy, as the Chapter 7 Trustee for SMI. The Settlement Payment shall be paid to and held in the escrow account of Plaintiffs' counsel, Henderson Law, LLC, until further order of the Court; upon the Court's approval and deduction of Plaintiffs' counsel's fees and the litigation expenses incurred by Roy and Melanie Sens, then the net amount shall be paid to the Trustee and held in escrow until distributed in accordance with a proposed distribution, including the Trustee's counsel fees and commission, which shall be noticed to creditors and filed with the Court for approval. It is anticipated that the remaining balance of the Settlement Payment will go to pay a portion of the Sureties' Secured Claim (as detailed below) without distribution to general unsecured creditors.

Mutual Releases: On the effective date of the Settlement Agreement, and subject to the conditions thereto and to the concurrent delivery of the Settlement Payment to the Trustee, (i) the Plaintiffs (on behalf of themselves, their predecessors and successors, agents (including attorneys), insureds, servants, employees, heirs, executors, administrators, trustees, and assigns), and (ii) WTP (on behalf of itself, its predecessors and successors, agents (including attorneys), insureds, servants, employees, heirs, executors, administrators, trustees, and assigns), hereby release, waive and forever discharge and exonerate each other, all of their agents, affiliates, subsidiaries, servants, employees, shareholders, employers, stockholders, officers, directors, members, partners, associates, insurers, past and present and all of their predecessors and successors, and all of their executors, administrators and/or assigns (collectively, "Released Parties" and individually a "Released Party") of and from all and every manner of acts and actions, cause and causes of actions, suits, arbitrations, mediations, conciliations, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever in law or in equity, which against any of the

---

used, but not defined in this Declaration, shall have the meanings ascribed to them in the Settlement Agreement.

[2] Sens, Inc. is not in bankruptcy.

DCACTIVE-80092801.1

Released Parties any of the other Released Parties ever had, now has, or their predecessors and successors, heirs, executors, administrators, assigns, related entities, persons and/or entities hereafter can, shall or may have, from the beginning of the world to the effective date of the Settlement Agreement, whether known or unknown, suspected or unsuspected, fixed or contingent, including but not limited to those that were or could have been asserted in connection with the Dispute, Project and/or Action. In addition, as part of the foregoing, within ten (10) days of the transmittal of the Settlement Payment to the Trustee, WTP shall file a Satisfaction of Judgment in the matter of *Whiteford, Taylor & Preston, LLP v. Sens, Inc.*, Case No.: C-23-CV-17-000399, pending in the Circuit Court for Worcester County.

Approval by Bankruptcy Court: The proposed compromise and settlement is contingent on approval by the Bankruptcy Court.

Bankruptcy Jurisdiction: This Court shall retain exclusive jurisdiction to interpret and enforce the terms of the Settlement Agreement and resolve any related disputes.

12. In connection with my joining the Action, I reached an agreement to allocate the proceeds of any recovery, which was memorialized in that certain *Agreement* dated July 23, 2020 ("Allocation Agreement").

13. On August 3, 2020, I filed a motion seeking approval of the Allocation Agreement (Doc. 127), to which a contingent objection was filed by United States Surety Company and U.S. Specialty Insurance Company (collectively, "Sureties") (Doc. 129). The Sureties filed a proof of claim (*see* Claim No. 17) asserting a secured claim in connection with providing a Performance Bond and a Labor and Material Payment Bond for the Project ("Sureties' Secured Claim"). The Sureties' contingent objection requested that approval of the Allocation Agreement not affect, waive or alter their rights in the Sureties' Secured Claim.

14. After a hearing, this Court entered that certain *Consent Order Approving Allocation Agreement with Sens Parties* ("Consent Order") (Doc. 134), which, among other things, approved the Allocation Agreement. An executed copy of the Allocation Agreement can be found as Exhibit

- 5 -

A to my Declaration filed at Doc. 127-1. I have informed the Sureties of the terms of the proposed Settlement Agreement, as well as expected fees and expenses.

15. The compromise and settlement of the Settled Claims will avoid further cost or uncertainty of continuing litigation.

16. Having compared the benefits to creditors of entering into the Settlement Agreement, I believe it is in the best interests of the Estate to enter into the Settlement Agreement.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: July 3, 2025 /s/ *Monique D. Almy*
Monique D. Almy, Trustee

# EXHIBIT 1

(Proposed Settlement Agreement)

j:\9a696\misc\release.docx

## SETTLEMENT AGREEMENT AND RELEASE

## RECITALS

THIS SETTLEMENT AGREEMENT AND RELEASE (hereafter referred to as "**RELEASE**") is herein entered into by and between Sens, Inc., all of its successors, predecessors, and assigns, Monique Almy, as Chapter 7 Trustee for Sens Mechanical, Inc., in the first part (hereinafter referred to collectively in this document as the "**PLAINTIFFS**"), and Whiteford Taylor & Preston, LLP, Thomas C. Beach, III, and all of their successors, predecessors, and assigns, in the second part (hereinafter referred to collectively in this document as "**WTP**"). **PLAINTIFFS** and **WTP** may be referred to in this document as the "**PARTIES**."

**WHEREAS**, Sens, Inc. and Sens Mechanical, Inc. (collectively "**SENS**") entered into construction contracts to construct a Marriott Residence Inn Hotel located at 300 Sea Bay Lane, Ocean City, Maryland (the "**PROJECT**"); and

**WHEREAS**, **WTP** provided legal representation and advice to **SENS** relating to the **PROJECT**; and

**WHEREAS**, the **PARTIES** have been engaged in a dispute or controversy in connection with **WTP's** representation of **SENS** and advice provided to **SENS** relating to the **PROJECT** (the "**DISPUTE**"); and

**WHEREAS**, Sens Mechanical, Inc. filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Maryland, Case No. 17-20880, which was subsequently converted to a Chapter 7 proceeding (the "**BANKRUPTCY**"); and

**WHEREAS**, **SENS** filed a civil action against Whiteford Taylor & Preston, LLP and Thomas C. Beach, III in the Circuit Court for Howard County, styled as *Sens, Inc., et al. v. Whiteford, Taylor & Preston, LLP, et al.*, Case No. C-13-CV-20-000231 on February 28, 2020.

2

Whiteford Taylor & Preston, LLP and Thomas C. Beach, III filed a Notice of Removal to the United States Bankruptcy Court for the District of Maryland on May 8, 2020. On or about July 28, 2020 Monique Almy, as Chapter 7 Trustee for Sens Mechanical, Inc. entered her appearance as Chapter 7 Trustee (the "**ACTION**"); and

**WHEREAS**, the **PARTIES** desire to settle, discharge and forever terminate all claims, controversies and potential claims and controversies that may now exist in their favor, whether known or unknown, against each of the other **PARTIES** in any way arising out of, or in any way related to the **DISPUTE**, the **PROJECT**, and/or the **ACTION**, without the resort to further litigation upon the terms and conditions set forth herein;

1. **Incorporation of Recitals**. The Recitals to this **RELEASE** are incorporated by reference herein.

2. **Effective Date of This Instrument**. This **RELEASE** will be effective on the date of Court approval in the **BANKRUPTCY**, as set forth in Section 11.

3. **Settlement of All Claims**. By executing this document, the **PARTIES** expressly agree, declare and acknowledge that it is their intention to resolve all disputes and potential disputes arising out of or related to the **DISPUTE**, the **PROJECT** and/or the **ACTION** which may now exist in their favor or on their behalf, whether known or unknown, against each of the other **PARTIES**.

4. **Settlement Payment.** As part of the consideration described in Section 5 below, and subject to the approval described in Section 11, a total payment in the amount of Two Million Dollars ($2,000,000.00) will be made to **PLAINTIFFS** by or on behalf of **WTP** (the "**SETTLEMENT PAYMENT**"). The **SETTLEMENT PAYMENT** shall be made no later than 30 days after the approval described in Section 11. The **SETTLEMENT PAYMENT** shall be

3

allocated as follows: One Million Dollars to Sens, Inc. and One Million Dollars to Monique Almy, as Chapter 7 Trustee for Sens Mechanical, Inc. for a total of Two Million Dollars ($2,000,000.00).

5. **Release**.  In consideration of the release of all claims against each other, the mutual promises and agreements of the **PARTIES** contained herein, and other good and valuable consideration, the receipt of which is hereby acknowledged, each of the **PARTIES** does remise, release and forever discharge, and does for their predecessors and successors, agents (including attorneys), insureds, servants, employees, heirs, executors, administrators, trustees, and assigns, remise, release and forever discharge each of the other **PARTIES** and all of their agents, affiliates, subsidiaries, servants, employees, shareholders, employers, stockholders, officers, directors, members, partners, associates, insurers, past and present and all of their predecessors and successors, and all of their executors, administrators and/or assigns, of and from all and every manner of acts and actions, cause and causes of actions, suits, arbitrations, mediations, conciliations, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever in law or in equity, which against any of the **PARTIES** any of the other **PARTIES** ever had, now have, or their predecessors and successors, heirs, executors, administrators, assigns, related entities, persons and/or entities hereafter can, shall or may have, from the beginning of the world to the date of this **RELEASE**, whether known or unknown, suspected or unsuspected, fixed or contingent, including but not limited to those that were or could have been asserted in connection with the **DISPUTE**, the **PROJECT** and/or the **ACTION**.  It is expressly acknowledged that, as part of the foregoing, **WTP** releases the judgment obtained in its favor against Sens, Inc. in the matter of *Whiteford, Taylor & Preston, LLP v. Sens, Inc.* in the Circuit Court for Worcester County; Case No.: C-23-CV-17-

4

000399.  Within 10 days of the transmittal of the **SETTLEMENT PAYMENT** to counsel for **PLAINTIFFS**, Whiteford, Taylor & Preston, LLP shall file a Dismissal with Prejudice in the matter of *Whiteford, Taylor & Preston, LLP v. Sens, Inc.* in the Circuit Court for Worcester County; Case No.: C-23-CV-17-000399.

6. **Costs and Attorney's Fees**.   Each party hereto shall bear all attorney's fees, costs, and disbursements arising from the actions of its own counsel in connection with the **DISPUTE**, the **ACTION**, this **RELEASE** and the matters and documents referred to herein, and all related matters.

7. **Joint Tortfeasor Statute Provisions**.  The **PLAINTIFFS** agree that all damages recoverable by them against anyone other than **WTP** are hereby reduced under the provisions of the Uniform Contribution Among Tortfeasors Act by the amount of the Settlement Payment ($2,000,000.00) or to the extent of **WTP**'s pro rata share of the **PLAINTIFFS'** damages recoverable against all other joint tortfeasors, whichever is greater, and it is agreed that, for that purpose only, **WTP** are to be considered joint tortfeasors with any other tortfeasors liable to the **PLAINTIFFS** for the damages or injuries arising out of or related to the **DISPUTE,** the **PROJECT** and the claims asserted in the **ACTION**, to the same extent as if **WTP** were adjudicated to be joint tortfeasors by the final judgment of a court of record after trial on the merits.

The **PLAINTIFFS** agree that in any lawsuit or action filed by them against someone other than **WTP** seeking recovery for damages arising out of or related to the **DISPUTE**, **PROJECT** or claims asserted in the **ACTION** if, in that lawsuit or action or in a separate lawsuit or action, a claim, including but not limited to a cross-claim, counter-claim, or third-party claim, is brought against **WTP**, then this **RELEASE** is to be filed under seal with the Court as irrevocable evidence

of the consent of **PLAINTIFFS** to have any verdict or judgment in their favor reduced in accordance with the provisions of this **RELEASE**.

8. **Expenses and Subrogation Interests**. The **PLAINTIFFS** agree that it is their obligation to satisfy all outstanding bills, debts, and liens of any kind incurred by them relating to the **DISPUTE**, the **PROJECT**, and/or the **ACTION**, including, but not limited to, any and all bills, debts, or liens of any insurer, or any other such subrogation interest against the amount paid to them under this **RELEASE**, and fully exonerates **WTP** from any obligation to any such lienholder.

9. **Representation of Comprehension of Document**. In entering into this **RELEASE**, the **PARTIES** acknowledge that they have relied upon the advice of their attorneys, who are the attorneys of their own choice, concerning the legal consequences of this **RELEASE**; that they have relied upon the advice of their accountants concerning the tax consequences of this **RELEASE**; that the terms of this **RELEASE** have been completely read and explained to the **PARTIES** by their attorneys; that they are not relying on any representations of the other **PARTIES** or their attorneys not contained herein in writing; and that the terms of this **RELEASE** are fully understood and voluntarily accepted by the **PARTIES**.

10. **Warranty of Capacity to Execute Agreement**. The **PLAINTIFFS** represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this **RELEASE**, except as otherwise set forth herein; that the **PLAINTIFFS** have the sole right and exclusive authority to execute the **RELEASE** and receive the sums specified in it; and that the **PLAINTIFFS** have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this **RELEASE**.

11. **Bankruptcy Approval**. The **PARTIES** agree that this **RELEASE** is subject to, and conditioned upon, the entry of a final order by the Court in the **BANKRUPTCY** approving this **RELEASE** under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

12. **No Admission**.

Subject to the provisions above, the **PARTIES** acknowledge and agree that this settlement is not an acknowledgement of wrongdoing, fault or legal liability. This settlement represents a mutual compromise in recognition of the costs and expenses of continuing this dispute. The **PARTIES** agree that they will not make any disparaging comments about the other nor make any public comment at all about this agreement. Except as permitted herein or as required by law, the **PARTIES** and their attorneys shall not notify nor comment to any person or entity, including the news media or any representative or agent of the news media, or any social media website, professional website, other internet blog, or network site regarding the **DISPUTE** and/or the **ACTION**, or terms and conditions or the existence of this **RELEASE**, or issue a press release relating to the **RELEASE**, **DISPUTE** and/or the **ACTION**.

12. **Applicable Law**. Regardless of where this **RELEASE** is executed, it shall be construed and interpreted in accordance with the laws of the State of Maryland. In no event, however, will resort be had to any presumption or other rule of law requiring construction against the party who drafted or caused this **RELEASE** to be drafted.

13. **Modification**. This **RELEASE** may not be modified or changed orally, but only by an agreement in writing signed by the party against whom enforcement of any such modification or change is or may be sought.

14. **Cooperation**. The **PARTIES** agree to cooperate fully and execute any and all supplementary documents and to take any and all additional action that may be necessary or

appropriate to give full force and effect to the basic terms and intent of this **RELEASE**, and which are not inconsistent with the terms set forth herein.

15. **Dismissal With Prejudice.** Counsel for the **PARTIES** to the **ACTION** will execute a Stipulation of Dismissal with Prejudice in the **ACTION** within five (5) days of the last person's execution of this **RELEASE**, which will be filed in the **ACTION** upon payment of the **SETTLEMENT PAYMENT**.

16. **Entire Agreement and Successors-In-Interest**. This **RELEASE** contains the entire agreement between the **PARTIES** with regard to the matters set forth herein, regardless of the adequacy of the compensation and the parties have no obligation to do any act other than as set forth herein. Additionally, this **RELEASE** shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each of the **PARTIES**.

17. **Compromise to Avoid Future Expense**. By reason of agreeing to this compromise and agreement, **PARTIES** state they have made no agreement to do or omit to do any act or thing not set forth herein. **WTP**, by reason of agreeing to this compromise and agreement, denies liability of any and every sort. The **PARTIES** further state that this **RELEASE** is entered as a compromise in order to avoid expense and to terminate all controversy and/or claims for injuries or damages of whatsoever nature known or unknown, including further developments thereof in any way growing out of or connected with the **DISPUTE, PROJECT**, or the **ACTION**.

18. **Tense and Gender**. As used in this **RELEASE**, the plural shall refer to and include the singular, and the singular shall refer to and include the plural, and the use of any gender shall include and refer to any other gender.

9

19. **Counterparts and Electronic Signatures**.  This **RELEASE** may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed one and the same agreement.  The **PARTIES** agree that this **RELEASE** may be executed and delivered by electronic means, including but not limited to electronic signatures, digital signatures, or other electronic methods of acknowledgment.  Such electronic execution and delivery shall have the same legal effect as the use of manual signatures and physical delivery.  Each party agrees to take all necessary steps to ensure the authenticity, security, and integrity of their electronic signatures and acknowledges their intent to be bound by the terms of this Agreement as if signed in writing.

                                        Sens, Inc.

_____     _____(SEAL)
Printed name                                By:

                                        DATE:_____

_____     _____(SEAL)
Printed Name                                Monique Almy, as Chapter 7
                                        Trustee for Sens Mechanical, Inc.

                                        DATE:_____

                                        Whiteford, Taylor & Preston, LLP

_____     _____(SEAL)
Printed name                                By:

                                        DATE:_____

_____     _____(SEAL)
Printed name                                Thomas C. Beach, III

                                        DATE:_____