IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| SENS MECHANICAL, INC., | * | Case No. 17-20880 |
| | | Chapter 7 |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**SECOND AND FINAL APPLICATION OF GORFINE, SCHILLER & GARDYN, PA
FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AS FINANCIAL AND TAX ADVISOR TO THE TRUSTEE FOR THE PERIOD
<u>OCTOBER 21, 2024 THROUGH FEBRUARY 16, 2026</u>**

Gorfine, Schiller & Gardyn, PA ("<u>GSG</u>" or "<u>Applicant</u>"), Financial and Tax Advisor to the Trustee, pursuant to 11 U.S.C. §§ 327, 328, 330 and 331 and Fed. R. Bankr. P. 2016, hereby applies to this Court for interim and final allowance of compensation for professional services rendered on behalf of Monique D. Almy, the Chapter 7 trustee ("<u>Trustee</u>") of the bankruptcy estate of Sens Mechanical, Inc. ("<u>Debtor</u>" or "<u>Estate</u>"), for the period October 21, 2024 through February 16, 2026 (the "<u>Application Period</u>") and, in support thereof, states:

**I.    INTRODUCTION**

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This Application is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

**II.    BACKGROUND**

2.    On August 11, 2017 ("<u>Petition Date</u>"), the Debtor voluntarily filed for relief under Chapter 11 of the Bankruptcy Code. This case was converted to one under Chapter 7 on November 21, 2017. Monique D. Almy was subsequently appointed as the Chapter 7 trustee for the Estate by the United States Trustee for Region Four.

1

3. On July 9, 2018, the Chapter 7 Trustee filed an application to employ Gorfine, Schiller & Gardyn, PA as financial and tax advisor for the Estate.

4. The Court approved the Application to Employ on July 31, 2018 ("Retention Order"), and GSG was employed as financial and tax advisor to the Trustee.

5. On April 26, 2019, Gorfine, Schiller & Gardyn, PA filed its First and Final Application for Compensation of Fees ($9,000.00) and Reimbursement of Expenses ($0.00) incurred for the period August 14, 2018 through February 18, 2019 ("First Application") (see Doc. 112). By Order entered on May 22, 2019, the Court approved and allowed the amounts sought in the First Application (see Doc. 115). The First Application was entitled "first and final" because the Trustee then believed that the Estate had been fully administered.

6. After the Trustee filed her Final Report, the Final Decree was entered and the case closed on August 14, 2019 (*see* Doc. 118).

7. On March 29, 2020, the Debtor filed its Motion to Reopen Chapter 7 Case (Doc. 119), along with its Amended Schedules A/B (Doc. 120), which reflected that the Estate had an interest in a portion of legal malpractice claims against Attorney Thomas C. Beach, III, and the law firm of Whiteford, Taylor & Preston LLP (the "Defendants"), in connection with their representation of the Debtor and a related entity in a contract dispute. Specifically, in February 2020, a lawsuit was filed in the Circuit Court for Howard County, styled as *Sens, Inc., et al. v. Whiteford, Taylor & Preston, LLP, et al.*, Case No. C-13-CV-20-000231 (the "Action"); the plaintiffs were represented in the Action by Crowley, Hoge & Fein, P.C. ("CHF") and Henderson Law, LLC ("HL") (CHF and HL, collectively, "Special Litigation Counsel"). Defendants filed a Notice of Removal to the U.S. Bankruptcy Court for the District of Maryland on May 8, 2020, and the Action was then designated as Adversary Proceeding No. 20-10049.

8. On June 2, 2020, the Court ordered that this proceeding be reopened, and Ms. Almy subsequently was reappointed as Chapter 7 trustee for the Estate (*see* Doc. 123). GSG continued to serve as financial and tax advisor to the Trustee under the Retention Order.

9. Applicant is familiar with and is submitting this Application in conformity with the Compensation Guidelines for Professionals in the U.S. Bankruptcy Court for the District of Maryland.

### III. PROFESSIONAL SERVICES RENDERED DURING APPLICATION PERIOD

10. During the Application Period, Applicant has rendered professional services to the Trustee in connection with the Estate's financial and tax issues. Applicant incurred fees in the amount of $ 16,467.50 for services rendered during the Application Period and has made an adjustment of $1,467.50; consequently, Applicant seeks to be paid the amount of $15,000.00.

11. Specifically, Applicant has completed preparation of the 2025 federal and state income tax returns, along with all required supporting schedules and work papers for the Estate. During the Application Period, Applicant spent a total of 28.30 hours at the average hourly rate of $581.89.

12. In addition, the time records of Applicant consist of a daily breakdown of the time spent by each person on each day during the Application Period. Applicant's time records are separated by the following exhibits attached hereto:

- Summary of Charges by Individual – Exhibit A
- Consolidation of Entries by Service Category – Exhibit B
- Detailed Time Entries – Exhibit C

### IV. THE COMPENSATION REQUESTED AND APPLICABLE LEGAL STANDARD

13. Applicant's request for compensation is made pursuant to the twelve criteria originally enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 714-19 (5th

Cir. 1974), and applied to bankruptcy cases in *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977). These tests were later adopted by the Fourth Circuit in *Barber v. Kimbrells, Inc.*, 577 F.2d 216, 226 (4th Cir.), *cert. denied*, 439 U.S. 934 (1978), and in *Anderson v. Morris*, 658 F.2d 246, 249 (4th Cir. 1981). The *Barber* Court listed the twelve factors as follows:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount of controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) attorney awards in similar cases.

*Barber*, 577 F.2d at 226 n.28; *see also Harman v. Levin* (*In re Robertson*), 772 F.2d 1150 (4th Cir. 1985). Although the above criteria specifically relate to a request for attorneys' fees, the general nature of each point can be applied to other professionals (*e.g.*, accountants) employed in the bankruptcy process.

14. Following the above case authority, Applicant sets forth each of the *Johnson* guidelines in connection with the allowance of compensation sought herein:

    a.    <u>Time and Labor Expended:</u>

The Trustee's Tax Advisor has timely rendered necessary professional tax-related services to the Trustee in connection with this case, allowing the Trustee to fulfill her tax filing obligations.

      b.      <u>Novelty and Difficulty of Questions Raised</u>:

Although this factor was not a substantial issue during the periods prior to the reopening of the case, the applicant anticipates substantially more correspondence with the taxing authorities due to the reopening of the case.

      c.      <u>Level of Skill Required</u>:

The work performed during the Application Period required the particular expertise of Applicant's professional tax staff, each of whom is well versed not only in taxation but also with the bankruptcy process.

      d.      <u>Opportunity Costs</u>:

This factor was not a substantial issue during the Application Period.

      e.      <u>Customary Fee for Like Work</u>:

The hourly rates for the individual professionals of Applicant working in this case are the normal and customary rates charged by Applicant for its services to debtor, trustees, and committees in other bankruptcy cases and to clients in matters not involving bankruptcy in the Baltimore-Washington area. The hourly rates also are within the customary range charged by other accountants and financial consultants in the Baltimore-Washington area, and the total compensation sought is reasonable compared with fees charged by other similarly-situated firms in cases of this magnitude and complexity. Applicant has made every effort possible to assign specific tasks involved in this case as cost effectively as possible. Applicant has incurred total fees of <u>$15,000</u>.

      f.      <u>Applicant's Expectation at the Outset of Representation</u>:

Applicant expected that it would be compensated for services rendered at its standard hourly rates and would be reimbursed for all out-of-pocket disbursements made on behalf of the Trustee. Applicant did not incur out-of-pocket expenses during the Application Period.

      g.      <u>Time Limitations</u>:

This factor was not a substantial issue during the Application Period.

      h.      <u>Amount in Controversy and Results Obtained</u>:

Applicant's efforts enabled the Trustee to meet her tax filing obligations under 11 U.S.C. § 346 in a timely fashion.

      i.      <u>Experience, Reputation and Ability of the Accountants</u>:

The Trustee's Tax Advisor is highly experienced and qualified in bankruptcy, taxation, liquidation, and general consulting matters.

      j.      <u>Undesirability of Case</u>:

Aside from the opportunity lost to pursue other matters, this factor has no applicability here.

      k.      <u>Nature and Length of Professional Relationship With Client</u>:

Other than normal business relations, as disclosed in the Application to Employ, Applicant has no relationship with the Trustee.

      l.      <u>Accountant Fee Awards in Comparable Cases</u>:

The fees incurred by Applicant in this case are comparable to or lower than fees allowed in cases of similar size and complexity, based on the time expended, the customary hourly rates and the difficulty of the representation.

15. All services for which compensation is requested in this Application were performed for and on behalf of the Trustee and not on behalf of any other person.

16. No agreement or understanding exists between Applicant and any other person for the sharing of compensation to be received by it for services rendered in connection with this case. No agreement or understanding exists between Applicant and any other person rendering services in connection with this case for the sharing of compensation of such other person.

17. The Trustee has reviewed the fees requested in this Application and finds them to be acceptable.

18. Notice of this Application has been given to the United States Trustee, and all parties in interest who are listed on the matrix and who have entered their appearance in this case.

WHEREFORE, Gorfine, Schiller & Gardyn, P.A. respectfully requests this Court enter an Order:

a. allowing and authorizing, on an interim and final basis, the payment by the Trustee to Gorfine, Schiller & Gardyn, P.A. of fees in the amount of $15,000.00 incurred during the Application Period; and

b. granting such other and further relief as is just and appropriate.

Respectfully submitted,

*/s/ John K. Lyons*
John K. Lyons
Gofine, Schiller & Gardyn, P.A.
10045 Red Run Blvd., Suite 250
Owings Mills, MD 21117
410-356-5900

*/s/ Monique D. Almy*
Monique D. Almy, Federal Bar No. 04479
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 508-8749
*Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 17, 2026, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing *Second and Final Application of Gorfine, Schiller & Gardyn, P.A. for Allowance of Compensation for Services Rendered as Tax and Financial Advisor to the Chapter 7 Trustee for the Period October 21, 2024 Through February 16, 2026,* with exhibits and proposed order, will be served electronically by the Court's CM/ECF system on the following:

        Monique D. Almy
        Aaron L. Casagrande
        Michael E. Crowson
        Augustus T. Curtis
        Alan M. Grochal
        Michael J. Klima
        Eric G. Korphage
        Marissa K. Lilja
        Patrick Michael Pike
        Daniel M. Press
        David Sommer
        U.S. Trustee – Baltimore
        Gerard R. Vetter

    I HEREBY FURTHER CERTIFY that on February 17, 2026, a copy of the foregoing *Second and Final Application of Gorfine, Schiller & Gardyn, P.A. for Allowance of Compensation for Services Rendered as Tax and Financial Advisor to the Chapter 7 Trustee for the Period October 21, 2024 Through February 16, 2026,* with exhibits and proposed order, was served via U.S. First Class mail, postage prepaid, on:

        Sens Mechanical, Inc.
        10135 Pin Oak Drive
        Berlin, MD  21811

        Ford Motor Credit Company, LLC
        c/o AIS Portfolio Services, LLC
        4515 N. Santa Fe Ave. Dept. APS
        Oklahoma City, OK 73118

                */s/ Monique D. Almy*
                Monique D. Almy